UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 17-22517 |
| | ) | |
| LOMBARD PUBLIC FACILITIES CORPORATION | ) ) | Chapter: 11 |
| | ) | Honorable Jacqueline Cox |
| | ) | |
| Debtor(s) | ) | |

## ORDER ESTABLISHING PROCEDURES FOR THE PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

THIS CAUSE coming to be heard on the motion of Lombard Public Facilities Corporation (the "Debtor"), pursuant to, inter alia, 11 U.S.C. §§ 105(a), 331, and 503 for an administrative order in the above-captioned bankruptcy case (the "Chapter 11 Case") establishing procedures for the payment of monthly interim compensation and reimbursement of professionals (the "Motion"); the Court having heard the statements in support of the relief requested at the hearing, and having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest; it appearing that notice of the Motion was good and sufficient under the circumstances and that no other or further notice need be given; capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion; it appearing that there is good cause to grant the relief requested; and the Court having jurisdiction over the parties and the subject matter of the Motion;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Motion is granted as provided herein.

2. Each professional listed in paragraph 3 of this Order, whose retention has been approved by the Court under 11 U.S.C. §§ 327 or 1103 in the Chapter 11 Case (each a "Professional," and collectively, the "Professionals"), shall be entitled to seek and obtain payment of interim compensation and/or reimbursement of expenses, as the case may be, in accordance with the following terms and conditions:

   (a) On or before the last day of the month following the month(s) for which compensation is sought, each Professional may submit a monthly statement (each a "Monthly Statement") to counsel for (a) the Debtor; (b) the United States Trustee; (c) the Official Committee of Unsecured Creditors, should such committee be formed (the "Committee"); (d) ACA; (e) the Indenture Trustee; and (f) the Consenting Bondholders (collectively, the "Recipients"). Each Professional may submit the Monthly Statement to the Recipients by email delivery.

   (b) Each of the Recipients receiving a Monthly Statement will have seven (7) calendar days after delivery of the Monthly Statement (the "Review Period") to review the Monthly Statement and, if necessary, serve a Fee Objection (as defined below), in the Recipient's sole and absolute discretion.

   (c) If no Fee Objection is timely served as provided herein, then at the expiration of the Review Period, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Statement in accordance with the terms hereof. Any

Professional who fails to submit a Monthly Statement for any given month or months will be entitled to include such services and expenses in the Professional's next Monthly Statement.

(d) In the event that any of the Recipients has an objection to the compensation or reimbursement sought in any Monthly Statement, the Recipient shall be required within the Review Period to serve on the Professional submitting the Monthly Statement in question a written objection setting forth the nature of the objection and the specific amount at issue in reasonable detail (including the specific time entries and/or expenses in dispute) (each a "Fee Objection"). Thereafter, the objecting Recipient and the Professional whose Monthly Statement is objected to shall attempt to reach a written agreement regarding a mutually agreeable payment which can be made, following which, the Debtor shall then be authorized to pay such undisputed amount to the Professional without further order in accordance with the terms hereof. If the parties are unable to reach an agreement on the Fee Objection within five (5) calendar days after the expiration of the Review Period, then either the objecting Recipient or the Professional submitting the Monthly Statement in question may file a motion with the Court to consider and dispose of the Fee Objection. Notwithstanding a Fee Objection, the Debtor shall be required, after the applicable Review Period has expired to pay promptly eighty percent (80%) of those fees and one hundred percent (100%) of those expenses that are not the subject of the Fee Objection.

(e) Approximately every four (4) months, each Professional may file with the Court an application for interim compensation pursuant to section 331 of the Bankruptcy Code, setting forth the compensation and reimbursement of expenses requested for the prior months, and serve said application on (i) counsel to each of the Recipients, (ii) all other parties who have requested notice and service of all pleadings via the Court's CM/ECF system, and (iii) the Committee, if formed, however, if no Committee is formed, then upon the twenty (20) largest unsecured creditors.

(f) Neither the pendency of an application for payment of compensation or reimbursement of expenses, nor the pendency of any Fee Objection, shall disqualify any Professional from the future payment of compensation or reimbursement of expenses in the manner set forth above. Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses as provided herein shall bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals.

3. As contemplated by this Order, "Professionals" are intended to include only: (a) Adelman & Gettleman, Ltd., as counsel for the Debtor; (b) EisnerAmper, LLP, as financial consultant to the Debtor; (c) Taft Stettinius & Hollister, LLP, as proposed special bond counsel to the Debtor; (d) Klein, Thorpe & Jenkins, Ltd., as proposed special counsel to the Debtor; and (e) any prospective counsel to a duly appointed Committee, provided that all such retentions are first approved by the Court. This Order shall not apply to any Professional whose terms of compensation are otherwise provided by separate order of the Court.

4. Any and all interim compensation and reimbursement of Professionals allowed in accordance with this Order shall remain subject to final allowance pursuant to further order of the Court.

Enter:

*J. Cx*  *Jacqueline P. Cox*

Honorable Jacqueline Cox
United States Bankruptcy Judge

Dated: 9/6/17

**Prepared by:**

BRAD A. BERISH, ESQ. (ARDC #06200891)
HENRY B. MERENS, ESQ. (ARDC #6181695)
ADAM P. SILVERMAN, ESQ. (ARDC #6256676)
STEVEN B. CHAIKEN, ESQ. (ARDC #6272045)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd, Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
Counsel for the Debtor