# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LOMBARD PUBLIC FACILITIES CORPORATION, | ) Case No. 17-22517 |
| | ) |
| | ) Honorable Jacqueline P. Cox |
| Debtor. | ) |
| | ) **Hearing Date and Time:** |
| | ) **May 24, 2018 at 9:30 a.m.** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Thursday, **May 24, 2018, at 9:30 a.m.**, we shall appear before the Honorable Jacqueline P. Cox of the United States Bankruptcy Court for the Northern District of Illinois, or any other judge sitting in her place and stead, at Courtroom 680 in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, and then and there present the **MOTION OF DEBTOR FOR ENTRY OF FINAL DECREE CLOSING CHAPTER 11 CASE AND FOR RELATED RELIEF**, a copy of which is hereby served upon you.

> BRAD A. BERISH, ESQ. (ARDC #06200891)
> HENRY B. MERENS, ESQ. (ARDC #6181695)
> ADELMAN & GETTLEMAN, LTD.
> 53 West Jackson Blvd., Suite 1050
> Chicago, Illinois 60604
> Tel (312) 435-1050
> Fax (312) 435-1059
> **Counsel for the Debtor**

1

922641

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the foregoing Notice of Motion and document referred to therein was served upon the persons listed as indicated on the below Service List this 10th day of May, 2018.

                                            /s/ Brad A. Berish
                                            Brad A. Berish, Esq.

## SERVICE LIST

**via CM/ECF:**
- Kimberly Bacher    Kimberly.Bacher@usdoj.gov, kimberlyabacher@hotmail.com
- Mark A Berkoff    mberkoff@ngelaw.com, cdennis@ngelaw.com,ecfdocket@ngelaw.com,mmirkovic@ngelaw.com
- Richard A Bixter    richard.bixter@hklaw.com
- Adam G. Brief    Adam.Brief@usdoj.gov
- Aaron Davis    aaron.davis@bclplaw.com, CHDocketing@bclplaw.com;kathryn.farris@bclplaw.com
- Louis T DeLucia    ldelucia@schiffhardin.com
- Alyson M Fiedler    afiedler@schiffhardin.com
- Michael L. Gesas    michael.gesas@saul.com, jurate.medziak@saul.com
- David A. Golin    david.golin@saul.com
- Aaron L. Hammer    ahammer@hmblaw.com, ecfnotices@hmblaw.com
- Martin S Kedziora    kedzioram@gtlaw.com, hernandezden@gtlaw.com;CHILitDock@GTLAW.com;doranb@gtlaw.com
- Deborah M Kennedy    dgutfeld-efile@perkinscoie.com, docketchi@perkinscoie.com;deborah-kennedy-8069@ecf.pacerpro.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Nicholas M Miller    nmiller@ngelaw.com, ecfdocket@ngelaw.com;cdennis@ngelaw.com;mmirkovic@ngelaw.com
- Mallory Milluzzi    mamilluzzi@ktjlaw.com
- John J Monaghan    bos-bankruptcy@hklaw.com
- Kevin H Morse    kevin.morse@saul.com
- David M Neff    dneff@perkinscoie.com, nbagatti@perkinscoie.com,david-neff-perkins-coie-2051@ecf.pacerpro.com
- Ha M Nguyen    ha.nguyen@usdoj.gov
- John R O'Connor    joconnor@sfgh.com, bkdocket@sfgh.com
- Yasamin N Oloomi    yoloomi@perkinscoie.com, docketchi@perkinscoie.com;yasamin-oloomi-perkins-coie-6149@ecf.pacerpro.com
- Nancy A Peterman    petermann@gtlaw.com, chilitdock@gtlaw.com;greenbergc@gtlaw.com
- Peter J Roberts    proberts@shawfishman.com
- Mark D. Roth    markdroth@gmail.com
- Lynne B Xerras    lynne.xerras@hklaw.com

922641

**Via Email:**
    Marty Cohn, counsel to Restaurant Manager – mcohn@clarkhill.com
    Donald Renner, counsel to Reorganized Debtor – derenner@ktjlaw.com
    Brian Karpuk, Epiq Bankruptcy Solutions, LLC - bkarpuk@eqipsystems.com

922641

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| LOMBARD PUBLIC FACILITIES ) | Case No. 17-22517 |
| CORPORATION, ) | |
| ) | Honorable Jacqueline P. Cox |
| Debtor. ) | |
| ) | **Hearing Date and Time:** |
| ) | **May 24, 2018 at 9:30 a.m.** |

### MOTION OF DEBTOR FOR ENTRY OF FINAL DECREE
### CLOSING CHAPTER 11 CASE AND FOR RELATED RELIEF

NOW COMES Lombard Public Facilities Corporation (the "**Debtor**"), by and through their undersigned counsel, and submits this Motion (the "**Motion**") For Entry of Final Decree Closing Chapter 11 Case and For Related Relief, pursuant to sections 105(a) and 350(a) of the United States Bankruptcy Code (the "**Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "**Local Rules**"), and for limited notice thereof under Local Rule 3022-1; and in support thereof, respectfully states as follows:

## I. BACKGROUND

1.      On July 28, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Code (the "**Chapter 11 Case**"). Since the Petition Date, the Debtor has remained in possession of its assets and has continued to operate its business as a debtor in possession in accordance with sections 1107 and 1108 of the Code.

2.      No trustee or committee of unsecured creditors has been appointed in the Chapter 11 Case.

921764                                               1

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein are sections 105(a) and 350(a) of the Code.

4. The nature of the Debtor's business and the factual background relating to the commencement of the Chapter 11 Case are set forth in more detail in the declarations of Paul Powers, the President of the Debtor, and Thomas Buck, financial consultant to the Debtor, filed on the Petition Date, and which are incorporated herein by reference [Dkt. Nos. 12 and 13] (the "**Declarations**").

5. The Debtor is a not-for-profit corporation organized in 2003 and existing under the laws of the State of Illinois. The Debtor was formed to, among other things, issue revenue bonds to finance the cost of acquiring, designing, constructing, and equipping a conference center, hotel, restaurant and related improvements (the "**Business**") in the Village of Lombard, and to own, maintain and operate the Business.

6. Construction was completed and the Business opened in August 2007, and it continues to operate: (a) a Westin Hotel that includes 500 guest rooms and suites, and other facilities commensurate with a full-service, first-class, convention-oriented, upscale hotel (the "**Hotel**"), and (b) two restaurants (the "**Restaurants**").

7. Prior to the Petition Date, the Debtor had been engaged in lengthy and complex negotiations with ACA Financial Guaranty Corporation (the "**Bond Insurer**"), and certain bondholders holding a substantial majority of the outstanding debt (the "**Consenting Bondholders**"), the Village of Lombard ("**Village**"), and the managers of the Hotel ("**Hotel Manager**") and Restaurants ("**Restaurant Manager**," and together with the Bond Insurer,

Consenting Bondholders, Village, and Hotel Manager, the "**Plan Support Parties**") which culminated in a consensual restructuring (the "**Consensual Restructuring**") constituting the foundation for the Plan (hereafter defined) that was recently confirmed by this Court.

8.     The Consensual Restructuring is memorialized in three Restructuring Support Agreements dated in July 2017 by and among the Debtor and the Plan Support Parties (the "**Plan RSAs**"). Each of the Plan RSAs were assumed by the Debtor under section 365 of the Code pursuant to orders of this Court entered on August 25, 2017 (Dkt. Nos. 115-116). Pursuant to the Plan RSAs, on November 3, 2017, the Debtor filed that certain Plan of Reorganization of Lombard Public Facilities Corporation Under Chapter 11 of the Bankruptcy Code [Dkt. No. 202] (the "**Initial Plan**").

9.     Recently, on March 6, 2018, this Court approved and confirmed a modified version of the Initial Plan (the "**Plan**")[1] by signing that certain Order Confirming Debtor's Chapter 11 Plan of Reorganization [Dkt. No. 361] (the "**Confirmation Order**"). The Effective Date of the Plan was March 15, 2018 [Dkt. No. 362].

10.    All deadlines with respect to claims, including prepetition claims, professional fee claims, and administrative claims have expired and all of such claims have been resolved and/or paid. Other than a Motion to Allow and Pay Final Fees and Expenses Of Debtor's Professionals [Dkt. No. 376] (the "**Final Fee Motion**"), which is set for hearing on the same day as this Motion, no other motions, and no contested matters or adversary proceedings, are pending in the Chapter 11 Case. The Debtor has, or is in the process of paying, all quarterly fees that are or will will be owed to the U.S. Trustee through the current (second) quarter of 2018. The Debtor does not believe that it owes any money to the Clerk of the Court as of the date hereof.

---

[1]     Unless otherwise defined herein, capitalized terms utilized herein shall have the meaning set forth

921764                                                3

II.  **RELIEF REQUESTED AND AUTHORITY FOR SAME**

    A.    **Entry of Final Decree Closing Case**

11.    The Debtor requests entry of a final decree and order closing the Chapter 11 Case.

12.    A bankruptcy court's "entry of a final decree is merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act." *In re Greater Jacksonville Transp. Co.*, 169 B.R. 221, 224 (Bankr. M.D. Fla. 1994). "The final decree does not adjudicate any rights between the parties and is more of an administrative step to allow the clerk's office to dispose of the fully administered case file." *In re Indian Creek Ltd. P'ship.*, 205 B.R. 609, 611 (Bankr. D. Ariz. 1997) (*citing In re Beechknoll Nursing Homes, Inc.*, 202 B.R. 260, 261 (Bankr. S.D. Ohio 1996), rev'd, 216 B.R. 925 (S.D. Ohio 1997) (chapter 11 quarterly fees must be paid through entry of the final decree closing the case)).

13.    Local Rule 3022-1 provides that, "debtors ... moving after chapter 11 plan confirmation either to close the case or enter a final decree shall ... state within the notice or motion the actual status of payments due to each class under the confirmed plan." Here, the Debtor submits the Final Report required under Local Rule 3022-1 is attached hereto as **Exhibit A**.

14.    Section 350(a) of the Bankruptcy Code provides, in pertinent part, that, "after an estate is fully administered . . . the court shall close the case." 11 U.S.C. § 350(a).

15.    Bankruptcy Rule 3022, states that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on a motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

---

in the Plan.

16. The phrase "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules. However, the following factors are identified in an Advisory Committee Note to Bankruptcy Rule 3022 in determining whether an estate has been fully administered:

(a) whether the order confirming the plan has become final;

(b) whether deposits required by the plan have been distributed;

(c) whether the property proposed by the plan to be transferred has been transferred;

(d) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

(e) whether payments under the plan have commenced; and

(f) whether all motions, contested matters and adversary proceedings have been finally resolved.

17. Many bankruptcy courts have referred to the Advisory Committee's factors when deciding whether to enter a final decree. See, e.g., *In re Grasso*, 268 B.R. 463, 468 (Bankr. E.D. Va. 2001) (adopting the Advisory Committee factors); *In re JMP-Newcor Int'4 Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (same); *In re Gates Cmty. Chapel*, 212 B.R. 220, 223-24 (Bankr. W.D.N.Y. 1997) (same); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538-39 (Bankr. E.D. Ky. 1997) (same); *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) (holding that the factors listed in the adviroy committee's note are "illustrative" but noting that "all of the factors in the [note] need not be present before the Court will enter a final decree").

18. As the Advisory Committee factors are applied to the instant case, the Debtor's Chapter 11 Case has been "fully administered" because:

(a) the Confirmation Order is final and nonappealable;

(b) the deposits and property proposed or required by the terms of the Plan have been deposited or distributed;

(c) under the Plan, the Debtor has assumed the business or the management of the property dealt with by the Plan;

921764                                                5

    (d)    payments under the Plan have commenced;

    (e)    other than the Final Fee Motion which is being heard at the same time as this Motion, there are no unresolved motions, contested matters or adversary proceedings in this bankruptcy case; and

    (f)    in addition, (i) the Court has ruled upon all professionals final fee applications, other than the Final Fee Motion which is being heard at the same time as this Motion, however, no further fees are sought to be paid under such motion, (ii) all claims against the Debtor have been resolved, and (iii) the Debtor has or will have paid all quarterly fees due and owing to the U.S. Trustee since the Petition Date.

19. However, even though additional tasks must be completed by the Debtor in connection with the Plan, including the possible pursuit of Causes of Action by the Debtor in other courts, this Chapter 11 Case is still ripe for closure. A bankruptcy case may be closed even though certain ministerial matters remain outstanding. For instance, a bankruptcy case may be closed even though there are outstanding claims to be resolved, where such resolution is to occur in other courts. See *Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)*, 43 Fed. Appx. 820, 822 (6th Cir. 2002) ("The only unresolved claims in these cases involve alleged personal injuries which claims will be resolved either through the court- approved alternative dispute resolution procedure or through litigation in state or federal court where the respective underlying action is pending. Accordingly, the bankruptcy court properly entered the final decrees in these Chapter 11 cases as there was no need for the cases to continue to be open."); *Ericson v. IDC Servs., Inc. (In re IDC Servs, Inc.)*, No. 97 CIV. 3081, 1998 U.S. Dist. LEXIS 13449, at *10-11 (S.D.N.Y. Aug. 28, 1998) (plan was substantially consummated and case was properly closed where plan of reorganization had been confirmed, all disputed claims had been resolved by the court except one which was not entitled to distribution, and substantially all payments required under the plan had been made).

921764                    6

20. Although there remains a remote possibility that this Court may be asked to determine issues in connection with the Plan in the future, the Debtor's case has been fully administered and should be closed. "It is time for the Debtor to get on with its business and leave the shadows of the Court." *Mold Makers*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). "The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Notes of Advisory Committee on Rules — 1991 Amendment.

21. The Debtor is required to pay quarterly fees to the United States Trustee's office after confirmation and consummation of a chapter 11 plan until its bankruptcy case is closed. See 28 U.S.C. § 1930(a)(6). Unless and until the Court enters a final decree in closing this Chapter 11 Case, the Debtor must continue paying quarterly fees to the U.S. Trustee, which is an unnecessary financial burden.

22. For all of the foregoing reasons, the Debtor requests, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1, that this Court enter a final decree closing the Debtor's Chapter 11 Case.

**B.  Notice of Motion**

23. Notice of the filing of this Motion and the hearing thereon has been served on at least fourteen (14) days' notice, via CM/ECF and/or email to: (a) the United States Trustee; (b) counsel to the Plan Support Parties and Indenture Trustee, (c) Mid-America Hotel Partners, L.L.C. and Subordinated Securities, L.L.C. (collectively, the "**Asset Manager**"); (d) counsel to the Reorganized Debtor; and (e) all other parties entitled to service via the CM/ECF system.

24. Local Rule 3022-1 states that unless the Court orders otherwise, notice of a motion to close a chapter 11 case and enter a final decree must be given to the U.S. Trustee and all creditors. Here, the only remaining allowed claims in the Chapter 11 Case were filed by or belong to the

Indenture Trustee, the Plan Support Parties, and/or the Asset Manager - all of whom have received notice of this Motion. Accordingly, the Debtor submits that notice of this Motion is proper and no other notice is required.

### C.  Termination of Claims and Balloting Services of Epiq

25. On August 9, 2017, this Court entered an Order authorizing the retention of Epiq Bankruptcy Solutions, LLC ("**Epiq**") as noticing, claims and solicitation agent ("**Claims Agent**") retroactive to the Petition Date [Dkt. No. 72]. The retention agreement of Epiq provides that it shall remain in effect until, if terminated by Debtor (a) 30 days' prior written notice to Epiq, and (b) to the extent Epiq has been retained by Court order, then a discharge order is necessary.

26. Since its retention, Epiq has continuously performed in its capacity as Claims Agent including maintaining the official claims register in the Chapter 11 Case on behalf of the Clerk of the Court.

27. The Debtor no longer requires the services of a Claims Agent, as all prepetition administrative claims filed in this Chapter 11 Case have been resolved and the Plan has become effective.

28. Accordingly, the Debtor requests an order discharging Epiq as the Claims Agent and directing Epiq to send a final claims register and return all proofs of claims received by it to the Court or as otherwise directed by the Office of the Clerk of the Court.

WHEREFORE, Lombard Public Facilities Corporation, debtor herein, respectfully requests the entry of an order in accordance with the foregoing recommendations in the form filed herewith and made a part hereof without further notice, and for such other and further relief as is just.

        Respectfully Submitted,

        LOMBARD PUBLIC FACILITIES CORPORATION

        By: ___/s/ Brad A. Berish___
        One of its attorneys

BRAD A. BERISH, ESQ. (ARDC #06200891)
HENRY B. MERENS, ESQ. (ARDC #6181695)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for the Debtor**

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | ) | Chapter 11 |
| --- | --- | --- |
|  | ) |  |
| LOMBARD PUBLIC FACILITIES CORPORATION, | ) ) ) | Case No. 17-22517 |
|  | ) | Honorable Jacqueline P. Cox |
| Debtor. | ) ) ) ) |  |

**FINAL REPORT UNDER RULE 3022-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**[1]

| Class | Claims[2] | Impairment | Status of Payment |
| --- | --- | --- | --- |
| 1 | Other Priority Claims | Unimpaired | Satisfied on or prior to the Effective Date and/or otherwise in accordance with the Plan |
| 2 | Series A-1 Bond Secured Claims | Impaired | Satisfied on the Effective Date and/or otherwise in accordance with the Plan |
| 3 | Series A-2 Bond Secured Claims | Impaired | Satisfied on the Effective Date and/or otherwise in accordance with the Plan |
| 4 | Series B Bond Secured Claims | Impaired | Satisfied on the Effective Date and/or otherwise in accordance with the Plan |
| 5 | Other Secured Claims | Unimpaired | Satisfied on or prior |

---

[1] Capitalized terms used but not otherwise defined in this report shall have the meanings ascribed to such terms in the Plan of Reorganization of Lombard Public Facilities Corporation Under Chapter 11 of the Bankruptcy Code (as modified) dated March 6, 2018 [Docket No. 361-1].

[2] No trustee, official committee, or examiner was appointed in this Chapter 11 Case. Accordingly, no fees were incurred for a trustee or trustee's counsel, or a committee or committee counsel  As soon as reasonably practicable following entry of the final decree closing the Chapter 11 Case, the Debtor will pay all required fees due under 28 U.S.C. §1930.

922660                                                  1

| | | | to the Effective Date and/or otherwise in accordance with the Plan |
|---|---|---|---|
| 6 | General Unsecured Claims | Impaired | Payments, if any, are not yet due under the Plan |

*(The rest of this page is intentionally blank)*

922660                               2